JOHN C. THOMPSON, Trustee, etc., and JOHN W. MARTIN *v.* T. B. CHILDRESS and T. O. HARRIS.

JURISDICTION OF COUNTY COURT TO REMOVE AND APPOINT TRUSTEE.
The County Court has no jurisdiction to remove or appoint a trustee, except in cases where that jurisdiction is conferred by Statute. The sections of the Code giving that Court concurrent jurisdiction with the Chancery and Circuit Courts to accept the resignation of, and to remove and appoint trustees for, the causes therein set forth, on the petition of one or more of the beneficiaries, the maker of the deed of trust can, in no fair sense, be held to be one of the beneficiaries under the deed or in the trust; and the decree of the County Court appointing a new trustee at his instance, is void for want of jurisdiction.

Code cited: §§3648, 3656.

FROM DAVIDSON.

FREEMAN, J., delivered the opinion of the Court.

Appeal from the Chancery Court. E. H. EAST, Chancellor.

No brief appears in this case

This bill is filed by Thompson, trustee, appointed by the County Court of Davidson County, on the removal of Childress, who was the original trustee appointed under a deed of trust made by Martin, conveying a considerable amount of property for the benefit of certain creditors named in said deed. We have

carefully examined the record in this case, as well as
the elaborate and able opinion of the learned Chan-
cellor; and while we might not dissent from the
conclusions arrived at by him on the law and the
facts of the case in the view he took of them, yet
we find a difficulty presented in the record to the
affirmance of the decree below, that appears to us to
to be insuperable, and compels a reversal of the same.
It is found in the following state of facts:

It appears that Childress was regularly appointed
trustee, gave security, as required by our law, took the
oath prescribed by law, and continued in performance
of his duties until his removal from this State to
Missouri, in 1867, and probably did some of the busi-
ness of the trust as late as 1869. In 1870, as ap-
pears from a record made in an exhibit to complainant's
bill, a petition was filed in the County Court of
Davidson County, before the County Judge, by John
W. Martin, the maker of the deed of trust, for the
removal of Childress from his trusteeship, on the ground
that "he had removed from the State, had ceased to act
as such trustee, and failed and refused to discharge
the duties of the trust." It is true, Martin says in
the introductory part of his petition, that he files the
petition on his own behalf, as well as on behalf of
all beneficiaries under the deed of trust, but none are
named, and who they are does not anywhere appear
in the record of the County Court, nor so far as we
notice in the record before us, at all, that is, as parties
to the suit. This proceeding in the County Court,

then, is the suit of Martin, the maker of the deed of trust, to which the beneficiaries in the deed are not parties at all, and with which they have no connection; nor are they in any way bound by the decree made by the County Court on the petition. It is true, there are cases where one party may sue in his own name and for himself, and on behalf of others, but we do not think this is such a case.

Martin, then, being the sole party to the proceeding in the County Court as complainant, and Childress as defendant, the question is, did the County Court have jurisdiction to remove Childress at the suit of Martin, the maker of the deed, and appoint Thompson, the complainant in this case, in his stead? If not, then the decree is void on the face of the proceeding, and the want of jurisdiction appearing in this form, it must be so declared whenever it comes in question; Freeman on Judgments, §§116, 117, 120.

Thompson's right to sue in this case, depends entirely on the question of his being a trustee, the successor of Childress, even if he has the right to hold the former trustee to an account at all, which we do not at present decide.

The County Court, beyond question, has no jurisdiction to appoint a trustee or remove one, except in cases where that jurisdiction is conferred by Statute. By §3648 of the Code, "the Chancery, Circuit and County Courts have concurrent jurisdiction to accept the resignation of trustees under the provisions of this chapter." (Chap. 16.) By §3656 it is provided that

Thompson *v.* Childress.

a trustee may be removed for five different causes therein specified, but it is expressly provided that this removal shall or may be had "on petition, by any one of the beneficiaries in the trust." No provision is made for removal under this Statute, for the causes therein set forth, one of which is, when the trustee has removed from the State, except on such a petition, that is, by one or more of the beneficiaries. Martin, the maker of the deed of trust, can in no fair sense be held to be one of the beneficiaries under the deed or in the trust. On the contrary, his character is simply that of maker of the deed. This Court, then, had no jurisdiction to remove for the cause stated; its concurrent jurisdiction with the Chancery Court being alone conferred by the Statute, on petition of one or more of the beneficiaries, not of the maker of the deed of trust. This is proper, too, on principle; for the beneficiaries are the parties most concerned in the administration of the trust, it being made for their benefit, and the party who is to administer it ought not to be changed, or the fund taken out of his hand, without the consent or approval at least of some of them. They, not being parties to this decree, nor any one of them seeking the change or removal, could not be bound by it; nor could the trustee be released from liability to them by the unauthorized action of the County Court. We hold the decree appointing Thompson trustee void for want of jurisdiction for these reasons.

Assuming that Martin is a party to the bill in

this case, we do not think he alone had the right to file a bill to compel the trustee to account and pay over the funds either to himself, as maker of the deed, or to Thompson, whose appointment we hold to be void.

In this view of the case the decree of the Court below must be reversed and the bill dismissed. It is proper to say, however, that, as a matter of course, it must be done without prejudice to the rights of any of the parties, either Martin or the beneficiaries, to take such proceedings as they may deem proper to enforce the execution of the trust, or to have the trustee removed, and account in a forum having jurisdiction to grant such a relief.

The costs will be paid by complainants.